**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KATHLENE BAKER,

    Plaintiff,

v.                                      CASE NO: 8:16-CV-2978-T-30MAP

UNIVERSITY MEDICAL SERVICE
ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 12) and Plaintiff's Response in Opposition (Dkt. 18). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted because Plaintiff's FMLA claims are barred by the Eleventh Amendment.

## BACKGROUND

Plaintiff Kathlene Baker is a former employee of Defendant University Medical Services Association, Inc. ("UMSA"). On or about October 21, 2016, Plaintiff initiated the present civil action by filing a complaint in this forum. In her complaint, Plaintiff alleges claims of unlawful interference and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA").

Specifically, Plaintiff alleges that on or around June 1, 2015, she "was the victim of a serious car collision and suffered a serious injury within the meaning of the FMLA." Plaintiff claims that the day following the car collision, she informed her supervisor of her injuries and requested help in filing for FMLA. Plaintiff states that her supervisor actively discouraged her efforts to apply for FMLA leave, causing Plaintiff to apply for FMLA leave on her own on or about June 22, 2015. Plaintiff alleges that on July 2, 2015, she notified her supervisor that her physician had submitted documentation in support of her FMLA leave request. Plaintiff also claims that on July 9, 2015, her supervisor "became angry that Plaintiff went to Human Resources to apply for FMLA." That same day, Plaintiff "received a final written warning, which cited erroneous reasons for the disciplinary action and referred to verbal warnings that [Plaintiff] never received." Thereafter, on July 31, 2015, Plaintiff was "terminated, due in part to the unwarranted disciplinary action taken against [her]."

Defendant now moves under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint with prejudice as being barred under the Eleventh Amendment to the United States Constitution. As explained further below, the Court concludes that Eleventh Amendment immunity bars Plaintiff's FMLA claims in federal court because Defendant is an arm of the state.

**STANDARD OF REVIEW**

A motion to dismiss asserting the defense of Eleventh Amendment immunity presents a challenge to the court's subject matter jurisdiction. A Rule 12(b)(1) motion to dismiss for

lack of subject matter jurisdiction can be based on facial or factual grounds.  *See Morrison v. Amway, Corp.,* 323 F.3d 920, 924 (11th Cir. 2003) (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990)).  "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion."  *Id.*  "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings," in which case the court "may consider extrinsic evidence such as testimony and affidavits."  *Id.*  The latter standard applies to this case because Defendant's motion relies on evidence outside the pleadings that demonstrates that Defendant is an agent of the state.

## DISCUSSION

**I.      The Eleventh Amendment**

The Eleventh Amendment bars federal courts from entertaining suits against states.  *See* U.S. Const. Amend. XI.  While the express language of the Amendment does not bar suits against a state by its own citizens, the Supreme Court has long held that unconsenting states are immune from lawsuits brought in federal court by the state's own citizens.  *See Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., Fla.,* 421 F.3d 1190, 1192 (11th Cir. 2005) (citing *Hans v. Louisiana,* 134 U.S. 1 (1890)); *Manders v. Lee,* 338 F.3d 1304, 1308 n. 8 (11th Cir. 2003).

It is well settled in Florida that state universities, and their boards of trustees, are arms of the state that are entitled to Eleventh Amendment immunity.  *See e.g., Crisman v. Fla.*

*Atlantic Univ. Bd. of Trs.*, 572 F. App'x 946, 949 (11th Cir. 2014) ("FAU is entitled to Eleventh Amendment immunity on Crisman's FL-ADEA claim."); *Irwin v. Miami-Dade Cnty. Pub. Schs., et al.*, 398 F. App'x 503, 507 (11th Cir. 2010) (Irwin's claims against Florida International University . . . are barred by the Eleventh Amendment . . .").

The University of South Florida ("USF") and its board of trustees, USFBOT, have been repeatedly determined to be arms of the state that are entitled to Eleventh Amendment immunity. *See e.g.*, *Maynard v. Bd of Regents of the Div. of Univs. of the Fla. Dep't of Educ., acting by and through the Univ. of South Fla.*, 342 F.3d 1281, 1288 (11th Cir. 2003) (holding that USF was immune from suit in federal court for breach of contract claims); *Saavedra v. USF Bd. of Trs.*, No. 8:10-cv-1935-T-17TGW, 2011 WL 1742018, *2-*3 (M.D. Fla. May 6, 2011) (holding that USFBOT was entitled to Eleventh Amendment immunity); *Elend v. Sun Dome, Inc.*, No. 8:03-cv-1657-T-TGW, 2005 WL 8145752, *3- *7 (M.D. Fla. Dec. 22, 2005) (holding that USFBOT and its direct support organization, Sun Dome, Inc., were "arms of the state entitled to Eleventh Amendment immunity."). Thus, the salient issue here is whether Defendant is an arm of the state of Florida.

## II.     Whether Defendant Is an "Arm of the State"

Whether an entity constitutes an arm of the state under Eleventh Amendment analysis is a question of law. *U.S. ex rel Lesinski v. South Fla. Water Mgmt. Dist.*, 739 F.3d 598, 602 (11th Cir. 2014). The analysis focuses on the particular function the defendant was engaged when taking the actions out of which liability is asserted to arise. *Shands Teaching Hosp.*

*& Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1311 (11th Cir. 2000).  Plaintiff's FMLA claims occurred, at the earliest, in June 2015.  At that time, the record reflects that Defendant's function, as expressly stated in regulations promulgated by USFBOT, was to serve as the "University's agent for the orderly collection and administration of income generated from the University faculty practice."  USF Regulation 9.017.  The Affidavit of Bryan S. Burgess also states that Defendant was "established in August of 1973 for the exclusive purpose of serving as part of the USF College of Medicine's Faculty Practice Plan."  Burgess Affidavit at ¶ 4.  Accordingly, it appears that Defendant's main function was to operate as an arm of USF.  This does not end the inquiry, however.

The Eleventh Circuit requires courts to analyze the following four factors to determine whether a party, like Defendant, acted as an arm of the state in carrying out a particular function: (1) how state law defines the entity; (2) what degree of control the state maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity.  *See Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm.,* 226 F.3d 1226, 1231-34 (11th Cir. 2000); *Shands,* 208 F.3d at 1311; *Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.,* 734 F.2d 730, 732 (11th Cir. 1984).  The Court now turns to these four factors.

### A.     How Florida Law Defines Defendant?

Under Florida law, Defendant is a "university direct-support organization" as that term has been defined under Fla. Stat. § 1004.28.  Specifically, Defendant undertakes the

function of serving as USF's agent for the orderly collection and administration of income generated from USF's faculty practice for the benefit of USF and pursuant to a certification by USF's Board of Trustees that it is "operating in a manner consistent with the goals of the university and in the best interest of the state." Fla. Stat. § 1004.28(1)(a)(3). Notably, USF regulation 9.017(1) establishes that Defendant is "certified as a University direct support organization . . . and a state instrumentality controlled by the University and organized and operated exclusively to receive, hold, invest and administer property and to make expenditures for the benefit of the University." This also satisfies the Florida Legislature's definition of the term "state agencies or subdivisions," found at Section 768.28(2), Florida Statutes (2016), which includes both "state university boards of trustees . . .and corporations primarily acting as instrumentalities and agencies of the state . . ."

Accordingly, this factor demonstrates that Florida law defines Defendant as an arm of the state. *Accord*, *University of Fla. Research Foundation, Inc. v. Medtronic PLC*, No. 1:16-cv-183-MW/GRJ, 2016 WL 3869877, *2-*4 (N.D. Fla. July 15, 2016) (holding that a not-for-profit corporation known as University of Florida Research Foundation was a university direct-support organization); *Plancher v. UCF Athletics Ass'n., Inc.*, 175 So. 3d 724, 726 (Fla. 2015) (determining that the not-for-profit corporation known as UCF Athletics Association, Inc. was a university direct-support organization as defined by Fla. Stat. § 1004.28).

### B.  The Degree of Florida's Control over Defendant?

The record reflects that USF and USFBOT control Defendant.  Specifically, a review of the USF/COM Faculty Practice Plan reveals the degree of control USF and USFBOT have over Defendant.  For example, Defendant's articles of incorporation and by-laws have to be reviewed and approved by USF's President, and those articles of incorporation and by-laws cannot be amended or repealed without the approval of USF's President.  Second, USFBOT is entitled to inspect Defendant's corporate books, records, and accounts upon request.  Third, Defendant is responsible for preparing an annual audit and an annual operating budget that must be submitted to USF's President for review and approval.  Fourth, Defendant's billing and collection activities must conform to USF's policies, guidelines, and directives, specifically from USF's Senior Vice President for Health Sciences and his/her authorized designees.  Fifth, the funds Defendant collects are under USF's direction and control.

The circumstances here are similar to the facts in *Elend* and *Plancher*, concerning Sun Dome, Inc. and UCFAA, respectively, where the courts held that Sun Dome and UCFAA were entitled to Eleventh Amendment immunity.  *See Elend*, 2005 WL 8145752, at *6; *Plancher*, 175 So. 3d at 728.  Accordingly, this factor weighs heavily in Defendant's favor.

### C.  Where Defendant's Funds Are Derived?

As previously described, Defendant's function is to bill and collect monies for services rendered by the USF/COM Faculty Practice Plan.  Thus, the funds are derived from income generated from USF's faculty practice and Defendant is using the monies it collects

for the exclusive benefit of USF.  *See* Burgess Affidavit at ¶¶ 8, 12.  Moreover, it is undisputed that USF has ultimate control over Defendant's fiscal circumstances. Accordingly, this factor weighs in Defendant's favor.

### D. Who Is Responsible for Judgments against Defendant?

The fourth and final factor also weighs in Defendant's favor because the State of Florida, Department of Insurance, Division of Risk Management is insuring Defendant with respect to Plaintiff's claims in this lawsuit.  Moreover, the facts reflect that if a judgment were obtained against Defendant in this lawsuit, any award to Plaintiff would be paid from the State Risk Management Trust Fund. *See Elend*, 2005 WL 8145752, at *6-*7 (noting that "USF has the Florida Risk Management Trust Fund to satisfy its judgments.").

### III. Conclusion

In conclusion, under the four-factor analysis, Defendant is entitled to Eleventh Amendment immunity.  It is worth noting that Congress has not validly abrogated a state's Eleventh Amendment immunity from FMLA self-care claims.  *See Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012).[1]  As a consequence, Plaintiff's FMLA self-care claims are clearly barred.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 12) is granted.

---

[1] Interestingly, the Supreme Court has concluded that Congress validly abrogated Eleventh Amendment immunity with respect to FMLA family-care claims.  *See Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 737 (2003).

2. This action is dismissed without prejudice due to lack of subject matter jurisdiction.

3. The Clerk of Court shall close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2016\16-cv-2978 mtd 12.wpd*

<mark>
<mark>